The undersigned have reviewed the record and the prior Order filed by Deputy Commissioner Berger. The appealing party has not shown good ground to receive further evidence or amend the Order.
 ***********
Based upon all of the competent evidence of record, the undersigned makes the following:
 FINDINGS OF FACT
1. Plaintiff alleges that defendants staff improperly cared for plaintiff before, during, and after toenail surgery performed on plaintiff 12 October 1999 at the Pender Correctional Institute.
2. Prior to the hearing in this matter, plaintiff confirmed in open court that he was prepared to offer no expert medical testimony.
 ***********
The foregoing findings of fact and conclusions of law engender the following additional
 CONCLUSIONS OF LAW
1. Plaintiff had no evidence to present other than his personal opinions of alleged negligence and damages.
2. A plaintiff may not recover in a medical malpractice claim against a medical professional, including a nurse, if that plaintiff cannot show the standard of medical care owed and that the standard was not met. N.C. Gen. Stat. 90-21.12. Expert testimony is generally necessary to establish this standard of care. Warren v. Canal Industries, Inc.,61 N.C. App. 211, 300 S.E.2d 557 (1983). Only where the medical care issue does not involve special skills is expert testimony not necessary. Expert testimony is required in this claim.
3. Without expert medical testimony, plaintiffs case must fail.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following
 ORDER
1. Under the law, plaintiffs claim must be, and the same is hereby, DISMISSED WITH PREJUDICE.
2. Each side shall bear its own costs.
This is the ___ day of March, 2001.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER